FILED

G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Telephone: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com

2012 DEC 27 PM 2:35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorneys for Plaintiff
MIA MAZER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MIA MAZER,

    Plaintiff,

vs.

SYNTER RESOURCE GROUP, LLC.;
and DOES 1 to 10, inclusive,

    Defendants.

Case No.: **CV12-10989**-R (PJWx)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INDTRODUCTION

1. This is an action brought by Plaintiff, Mia Mazer, an individual, to seek redress against Defendant, SYNTER RESOURCE GROUP, LLC., for violations of the law, including but not limited to violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA"), for unlawfully engaging in the

1

collection of an alleged consumer debt by placing un-consented phone calls to Plaintiff's cellular phone.

## II. JURISDICTION

2. Jurisdiction of this court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 47 U.S.C. § 227.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## III. PARTIES

4. Plaintiff, Mia Mazer, is a natural person who resides in the City of Northridge, County of Los Angeles, State of California.

5. Upon information and belief, Defendant, Synter Resource Group, LLC, at all times relevant hereto, engaged in the business of processing and collecting debt owed to United Parcel Service of America, Inc ("UPS"). The principal purpose of Defendant is the collection of debts using the mail and telephone in this State and several other states.

6. Defendant, Synter Resource Group, LLC, is incorporated under the laws of the State of South Carolina, with its principal place of business at 5935 Rivers Ave., Suite 102, Charleston, SC 29406.

7. Defendant Does 1-10 whose identities are not known at this time, but whose identities will be obtained in discovery. Such Does may include persons or business entities. It is believed that said Does had a substantial involvement in the occurrences that are the subject of this complaint. Such Does benefited from the acts complained of and had a substantial role in causing the acts complained of.

8. At all times relevant hereto, while conducting business in California, Defendants have been subject to, and required to abide by, the laws of the United States and the State of California, which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its related regulations that are set forth at 47 C.F.R. § 64.1200 (the "TCPA Regulations), as well as the opinions, regulations and order issued by courts and the Federal Communication Commission ("FCC") implementing, interpreting and enforcing the TCPA and the TCPA Regulations.

## IV.   FACTUAL ALLEGATIONS

9. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "automatic telephone dialing system" as defined by the TCPA 47 U.S.C. § 227(a)(1) that originated, routed, and/or terminated telecommunications.

10. Defendant at all times relevant to the complaint herein engaged in telecommunications by means of telephone facsimile machines as defined by the TCPA 47 U.S.C. § 227(a)(2).

11. Within the one year period immediately preceding this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

12. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

13. Within the one year immediately preceding this action, Defendant sent Plaintiff collection notices regarding an alleged debt owed to UPS. Plaintiff never entered into a written contract with UPS, nor engaged in any business relationship with UPS.

14. Within one year immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone on numerous occasions in violation of the TCPA, beginning on or about October 2012.

1

15. Defendant called Plaintiff on her cell phone using an automatic telephone dialing system in an attempt to collect the alleged debt.
16. Plaintiff received at least 4 of these auto-dialed calls from Defendant on October 31, 2012 at 8:17 a.m., November 2, 2012 at 1:03 p.m., November 5, 2012 at 10:41 a.m., and November 9, 2012 at 1:04 p.m.
17. The number that was captured by caller-id for the calls above was 555-555-5555. Defendant appears to have used a technique known as "spoofing," which is the practice of causing a telephone network to display a number on the recipient's Caller ID display that is not that of the actual originating station. Defendant's conduct violated the technical rules of the TCPA § 227(e)(1).
18. Upon calling the telephone number, Plaintiff was directed to call 843-746-2171.
19. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, frustration, upset, humiliation, embarrassment, amongst other negative emotions.
20. All of the above-described collection communications made to Plaintiff by Defendant were in violation of the provisions of the TCPA.

## V. COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et seq.

21. Plaintiff Mia Mazer incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.
22. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA including, but not limited to, each and every one of the provisions of the TCPA, 47 U.S.C. § 227 et seq., cited above, and below, with respect to Plaintiff:

1

    a. Defendant violated TCPA § 227b(1)(A)(iii) by calling Plaintiff using an automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular telephone service, using an artificial and/or pre-recorded voice to deliver messages without having the consent of the Plaintiff to leave such messages.

    b. Defendant violated TCPA, §227e, which prohibits calling a person on their land line or wireless number using fake caller ID. In December 2010, Congress passed the Truth in Caller ID Act of 2009, amending Section 227 (TCPA) of the Communications Act of 1934 (See Pub L No 111-331 2010). The Truth in Caller ID Act of 2009 makes it unlawful for any person to transmit misleading or inaccurate caller ID information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

    c. Although the truth in caller ID act does not explicitly provide for a private cause of action, a private cause of action against service providers is available to individuals for violations of the Act under § 227e in conjunction with § 207 of the Communications Act of 1934.

23. As a result of the foregoing violations of the TCPA, Defendants are liable to the plaintiff Mia Mazer for declaratory judgment that Defendants violated the TCPA, actual damages pursuant to 47 U.S.C. § 227, statutory damages in an amount up to $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. Plaintiff asserts that since the violations were made intentionally or recklessly, that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3)(C).

25. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agencies have willfully or knowingly violated the TCPA simply by calling any Plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874).

26. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(A).

///

///

///

1

**WHEREFORE,** Plaintiff Mia Mazer respectfully requests that judgment be entered against Defendants, for the following:

A. Declaratory judgment that Defendant's conduct violated the TCPA; and

B. Actual damages from Defendant pursuant to 47 U.S.C. § 227 for the emotional distress suffered as a result of the intentional and/or negligent TCPA violations, and from Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff, and

C. Actual damages from Defendant; and

D. An award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant; and

E. An award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(C) against Defendant; and

F. An injunction prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(A); and

G. For such other and further relief as the Court may deem just and proper.

DATED: December 24, 2012

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP, APC**

By: _____
G. Thomas Martin, III
Attorney for Plaintiff

1

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff Mia Mazer demands trial by jury in this action.

1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

### CV12- 10989 R (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| MIA MAZER, <br><br> *Plaintiff* <br> v. <br> SYNTER RESOURCE GROUP, LLC.; and DOES 1 to 10, inclusive, <br><br> *Defendant* | ) ) ) ) ) Civil Action No. **CV 12-10989 -R** <br> (PJW) ) ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  SYNTER RESOURCE GROUP, LLC
5935 Rivers Ave., Suite 102
Charleston, SC 29406

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   G. Thomas Martin, III, Esq. (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA  91436
T: (818) 907-2030; F: (866) 397-2030
tom@plglawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

MARILYN DAVIS

Date: DEC 27 2012

*Signature of Clerk or Deputy*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MIA MAZER,

**DEFENDANTS**
SYNTER RESOURCE GROUP, LLC.; and DOES 1 to 10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100, Encino, CA 91436

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No  ☑ **MONEY DEMANDED IN COMPLAINT:** $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unlawful Debt Collection Practices

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 840 Trademark |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**CV12-10989**

FOR OFFICE USE ONLY:  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | South Carolina |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 12/24/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |